IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN E. WHITE,

       Plaintiff,

vs.                                                                                         No. CIV-05-552 JB/DJS

SPE CORPERATE [SIC] SVC, INC.,
d/b/a Sony Pictures,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, filed July 13, 2005 (Doc. 10). The primary issue is whether the Court should dismiss this action for lack of subject matter jurisdiction or for lack of personal jurisdiction. Because the Court concludes that it has subject-matter jurisdiction, but lacks personal jurisdiction, the Court will grant the motion to dismiss and dismiss the Complaint without prejudice.

## FACTUAL BACKGROUND

Plaintiff John E. White is a resident of New Mexico. See Complaint ¶ 1, at 1, filed May 20, 2005 (Doc. 1). It is unclear from the record what the relationship between Sony Pictures Entertainment ("SPE") and SPE Corporate Services Inc. ("SPECS") is, but there must be some because SPE's Director of Labor Relations, Marc Wisot, filed an affidavit in support of the motion to dismiss. SPECS is a corporation organized and operating under the laws of the State of California and headquartered in Culver City, California. See Declaration of Marc Wisot ¶ 1, at 1 (executed July 12, 2005)(hereinafter "Wisot Decl."). SPECS provides, among other things, payroll services to a variety of production companies. See id. ¶ 2, at 1.

SPECS is not authorized to, and does not do business in New Mexico. See id. ¶ 3, at 1. SPECS maintains or owns no office, facility, bank account, or real property in the State. See id. SPECS has no employees or other agents here, and has designated no agent for service of process in the State. See id. ¶ 4, at 1.

## PROCEDURAL BACKGROUND

Plaintiff John E. White filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on May 20, 2005. Doc. 1. White alleges that his Complaint invokes jurisdiction pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. See Complaint ¶ A(4) at 2. Notably, however, White also alleges that SPECS was not acting under color of state law. See id.¶ A(2), at 1. In a subsequent filing styled as a "Response to Answer," White contradicts this allegation in his Complaint by stating that, "[w]hen the Defendants cross state lines using the U.S. Postal Service, they become under the color of state law from wherever their base in the United States." Doc. 7, ¶ 2, at 1.

White has not cited any other statute as the basis for his jurisdictional allegations. See Complaint ¶ A4, at 2. Instead, he alleges in a handwritten attachment to the Complaint: "Because [SPECS] used the U.S. Postal Service to wrongfully inform the IRS, and the IRS turning in these flawed reports of earnings to the V.A., this court has jurisdiction to hear this case." Complaint, attachment, at second unnumbered page.

White does not allege any basis for exercising jurisdiction over SPECS' person. He does not allege that SPECS did or does business, or has otherwise been present, in New Mexico at any time. Nor does he allege a transaction or act within New Mexico out of which his claims allegedly arise.

The most that the Court can construe the Complaint to allege is that SPECS owes money to White based on an unspecified transaction occurring at an unspecified place; SPECS "misdirected"

the money to other persons at an unspecified location; and SPECS, from an unspecified location, provided unspecified information to the Internal Revenue Service that was inaccurate and defamatory. See Complaint ¶¶ B(1), C(1), C(2), at 2-3.

SPECS moves, pursuant to rules 12(b)(1), 12(b)(2), and 12(c) of the Federal Rules of Civil Procedure, for dismissal of this action based on lack of subject-matter and lack of personal jurisdiction, and for judgment on the pleadings. White opposes the motion with two handwritten responses. The first response states, in relevant part:

> While defendant continues to talk of "color of the state law," White all ready [sic] proven SPE crossed state lines to commit what has charged. They therefore are under the laws of New Mexico and the United States as a whole. SPE would have this Court look at them, while they create the smoke and slight of hand. We, the Court, and White are not at all confused.

Response, filed July 18, 2005 (Doc. 13). The second response states, in relevant part:

> Plaintiff again points out to the Court SPE has not come up with one exhibit to support their motion to dismiss. Their fifth, I think. White suffered spine injury serving in the paratroopers during two wars and an unpleasantness in Hungary in 1956. While his mind is [illegible] slow, he takes his Dilantin (40mg) and returns to normal. Defendants have nothing to support a dismiss. Deny it. Please.

Response, filed July 19, 2005 (Doc. 16). In the third response, White asks that the Court disallow testimony from certain witnesses because SPECS did not follow the Court's order. See Response to Defendants Initial Disclosure and Motion, filed July 28, 2005 (Doc. 18).

White asks SPECS' motion be dismissed and "the hearing be heard as ordered." See Doc. 13 at 1. The Court has not set a hearing on this motion, but set a scheduling conference on August 2, 2005.

### STANDARDS FOR DECIDING IF COURT HAS JURISDICTION

Whenever it appears that the court lacks jurisdiction of the subject matter involved in an

action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). Federal courts are courts of limited jurisdiction, raising a presumption against jurisdiction that a party asserting federal jurisdiction bears the burden of rebutting. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The party invoking federal jurisdiction "must allege in his pleading the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the Court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

The plaintiff likewise "bears the burden of establishing personal jurisdiction over the defendant." Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999)(internal quotation marks omitted)(quoting OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998)). Absent an evidentiary hearing on the issue, the plaintiff's burden is to make a prima facie showing, by affidavits or other written materials, of jurisdiction over the defendant. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d at 1091. Because a prima facie showing must consist of evidence, the plaintiff's jurisdictional allegations, if any, are not accepted as true when they are controverted by affidavit. See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

## ANALYSIS

**I.  THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE CASE.**

SPECS advances three reasons why the Court lacks subject-matter jurisdiction. First, SPECS contends that the Complaint fails to allege a civil rights claim. Second, the new allegation that SPECS crossed state lines does not provide federal court jurisdiction. Third, SPECS contends that the court does not have diversity jurisdiction because White does not seek damages of at least $75,000.00. Because the Court concludes that White has properly invoked federal question jurisdiction by attempting to plead a federal civil rights action under 28 U.S.C. § 1983, the Court need not address SPECS' other challenges.

SPECS contends that the Complaint fails to allege facts essential to show federal question jurisdiction. White cites 28 U.S.C. § 1343(3), which would confer jurisdiction over a claim for violation of his civil rights under 42 U.S.C. § 1983. See Complaint ¶ A(4), at 2. But SPECS contends that White does not state such a claim in the Complaint. SPECS argues that, for two independent reasons, the Complaint fails to state a cognizable claim under § 1983.

SPECS first argues that White must allege as an essential element of such a claim that SPECS acted under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Pitts v. Turner & Boisseau Chartered, 850 F.2d 650, 653 (10th Cir. 1988). White has not made this allegation. Indeed, he has affirmatively pleaded that SPECS did not act under color of state law. See Complaint ¶ A(2), at 1

SPECS also argues that White must allege as another essential element of a § 1983 claim that SPECS' actions deprived him of rights, privileges, or immunities that the Constitution or the United States laws secure. See Parratt v. Taylor, 451 U.S. at 535; Pitts v. Turner & Boisseau Chartered, 850 F.2d at 653. The Complaint, however, appears to alleges, at most, a breach of duty under state law. See Complaint ¶¶ B(1), C(1), C(2), at 2-3. It appears to fail to state a claim for a deprivation

of federal rights, privileges, or immunities.

In short, SPECS contends that White has not stated a claim upon which the court can grant relief under § 1983. SPECS then concludes that White has failed to establish that 28 U.S.C. § 1343 affords a basis for subject-matter jurisdiction over his Complaint. See Russo v. Glasser, 279 F.Supp.2d 136, 141 & n.6 (D. Conn. 2003)(holding that court had no jurisdiction under 28 U.S.C. § 1342 where plaintiff failed to allege cognizable violation of § 1983 and other civil rights statutes); Dupont v. Kember, 501 F.Supp. 1081, 1085 (M.D. La. 1980)("As to the claims under Section 1983, federal courts lack jurisdiction to entertain suits alleging denial of rights and privileges which are derived solely from state laws.").

The Supreme Court of the United States in Bell v. Hood, 327 U.S. 678, 681-83 (1946), stated: "[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit." The United States Court of Appeals for the Tenth Circuit has repeated that instruction: "When a complaint is drawn to rely directly upon a federal statute, so that the question of the court's jurisdiction is intertwined with the merits of the case, the general rule is that a federal court possesses jurisdiction and should decide the case on its merits." Bloomer v. Norman Regional Hospital, 2000 U.S. App. LEXIS, *5 (10th Cir. July 12, 2000)(unpublished). See Bell v. Hood, 327 U.S. at 681-83. There are two exceptions to this rule: "[W]here the alleged claim under the Constitution appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. at 682-83.

Here, White is proceeding pro se. The Court cannot say that his reference to § 1983 is immaterial. He did not merely toss a reference to § 1983 in a lengthy complaint, but he made a

conscious decision to invoke both federal question jurisdiction and plead a federal cause of action. His Complaint is titled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." He did not make this claim solely for the purpose of obtaining judgment, but to bring a civil rights claim. In such a situation, the Court believes the Supreme Court's admonishment to decide the merits seems appropriate. See Patten v. Foley's, 66 Fed. Appx. 188, 190 (10th Cir. June 6, 2003)(unpublished)("[G]iven plaintiffs' pro se status and the considerable benefit of the doubt we allow for their pleadings, we conclude that their complaint has been drawn to seek recovery under the Constitution and laws of the United States and falls under neither of *Bell's* two exceptions."). While his claim may not survive a rule 12(b)(6) challenge, the Court cannot say the federal statutes included in the Complaint are "insubstantial and frivolous" and cannot be used as a means of asserting federal question jurisdiction.

## II.  THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER SPECS.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d at 1295; (quoting Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir. 1995)). To establish jurisdiction under New Mexico's long-arm statute, NMSA, § 38-1-16 (1998), the plaintiff must show that: (i) SPECS committed one of the acts enumerated in that statute; (ii) the plaintiff's cause of action arose from that act; and (iii) minimum contacts sufficient to satisfy due process were thereby established. See State Farm Mut. Ins. Co. v. Conyers, 784 P.2d 986, 987 (1989).

White has not made the requisite showing. He does not allege that SPECS committed any

of the acts enumerated in § 38-1-16, such as transaction of business within New Mexico or commission of a tortious act within the State. Nor has he alleged that his cause of action arose from any such act taking place within New Mexico. In addition, White has failed to allege any minimum contacts between SPECS and this State.

The record before the Court suggests that White cannot make the necessary showing. SPECS has no presence in New Mexico. It is not authorized to do business and does no business in the State. Wisnot Decl. ¶ 3, at 1. It has no offices, facilities, bank accounts, real property, employees, or agents in New Mexico, and it has designated no agent for service of process here. See id. ¶¶ 3-4, at 1. On the record before the Court, the Court cannot exercise in personam jurisdiction over SPECS in a manner consistent with the Due Process Clause because SPECS has "no meaningful 'contacts, ties, or relations'" with this State. See Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d at 1298 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985))(additional internal quotation marks omitted). Personal jurisdiction over SPECS is lacking. The Court will dismiss for lack of personal jurisdiction over SPECS.

**IT IS ORDERED** that the Defendant's Motion to Dismiss is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

John E. White

Rio Rancho, New Mexico

    *Plaintiff pro se*

Sarah M. Singleton
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendant*